CIVIL ACTION NO. _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCO A. DIAS,<br>    Petitioner,<br><br>-against-<br><br>JOHN ASHCROFT, ET AL.,<br>    Respondents. | CIVIL ACTION NO. _____<br><br>AGENCY FILE NO. A041 958 771 |

\* \* \* \* \* \* \* \* \*

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS**

**PURSUANT TO 28 U.S.C. § 2241**

MARCO A. DIAS
BOP NO.: 20293-265
FEDERAL DETENTION CENTER
POST OFFICE BOX 5010
OAKDALE, LOUISIANA 71463

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCO A. DIAS,<br>    Petitioner, | §<br>§<br>§<br>§ CIVIL ACTION NO. _____<br>§<br>§<br>§ AGENCY FILE NO.  A041 958 771<br>§<br>§<br>§ |
| -against- | |
| JOHN ASHCROFT, ET AL.,<br>    Respondents. | |

### EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS
### PURSUANT TO 28 U.S.C. § 2241

Marco A. Dias, hereinafter referred to as "Petitioner", a pro se litigant, respectfully petitions this Honorable Court for a writ of habeas corpus to remedy his unconstitutional and unlawful detention by the Bureau of Immigration and Customs Enforcement ("BICE") under **Zadvydas V. Davis, 533 U.S. 678, 150 L.Ed.2d 653, 121 S. Ct. 2491 (2491)**.

In support thereof, Petitioner asserts as follows:

I.  **CUSTODY**

Petitioner is in post-removal-order detention and in physical custody of the BICE, held at the Federal Detention Center ("FDC") in Oakdale, Louisiana. He is in custody of the New Orleans District Director, and John Ashcroft, the United States Attorney General has ultimate custodial authority over the Petitioner.

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2241, and the original constitution writ of habeas corpus pursuant to art. I, sec. 9, cl. 2.

This Court has the authority to grant a writ when the Petitioner's custody is in violation of constitution, laws, or treaties of the United States. See **Zadvydas, 121 S. Ct. at 2491**; see also **INS V. St. Cyr., 533 U.S. 289 (2001)** (determining that jurisdiction under § 2241 was not repealed by AEDPA or IIRIRA).

Petitioner respectfully submits that John Ashcfrot, Attorney General of the United States is the proper Respondent for the purpose of his habeas petition.

In **Vasquez,** this Honorable Court was faced with a similar situation. See **Vasquez V. Reno, 97 F.Supp.2d 142 (D.Mass. 2000).**

In **Vasquez,** this Court recognized that the Attorney General is the proper Respondent. In reaching this decision, this Court relied on a trifecta of cases from the Eastern District of New York that directly address the issue of personal jurisdiction in this context. See **Pena-Rosario V. Reno, 83 F.Supp.2d 349 (E.D.N.Y. 2000); Mojica V. Reno, 970 F.Supp. 130 (E.D.N.Y. 1997); Nwankwo V. Reno, 828 F.Supp. 171 (E.D.N.Y. 1993);** see also **Yesil V. Reno, 958 F.Supp. 828 (S.D.N.Y. 1997).** Each of these decisions ruled that the Attorney General was the appropriate cusodian "because she could 'direct her subordinates to produce or release the petitioner.'" **Mojica, 970 F.Supp. at 166.**

This Court determined that the reasoning is supported by the language of the Warrant of Removal/Deportation which

provides, "I, the undersigned officer of the United States, by the virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custoy and remove from the United States ... " **Vasquez, 97 F.Supp.2d at 150.**

Recently, the Ninth Circuit Court analyzed the same matter in which the Court concluded that the Attorney General can be the proper respondent in habeas petitions filed by immigrant detainees. See **Armentero V. INS, 340 F.3d 1055 (9th Cir. 2003).** The Ninth Circuit Court stated that:

> "The Attorney General has recently asserted a broad power to make "controlling" legal and policy determinations regarding whether individuals aliens should be detained. See **In re D-J, 23 I&N Dec. 572, 573-74, (Op. Att'y Gen. 2003)** ("Although authority to enforce and administer the INA and other laws related to the immigration and naturalation of aliens has recently been transferred to the Secretary of Homeland Security by the HSA, the Attorney General retains his authority to make controlling determinations with respect to questions of law arising under those statutes.").
>
> "As it is not the question before us, we do not here decide whether the Attorney General has the powers he asserts. Until the exact parameters of the Attorney General's power to detain aliens under the new Homeland Security scheme are decisively delineated, we believe it makes sense for immigration habeas petitioners to name the Attorney General as respondent in their habeas petitions."

**Armentero, 340 F.3d at 1073.**

In **Braden**, the Supreme Court determined that, "so long as the custodian can be reached by Service of Process, the Court can issue a writ 'within its jurisdiction' ... even if the prisoner himself is confined outside the Court's territorial jurisdiction." **Braden V. 30th Jud. Cir. Court of Kentucky, 410 U.S. 484, 495 (1973).**

Thus, because the Attorney General of the United States, John Ashcroft, is Petitioner's custodian, and this Honorable Court has personal jurisdiction over this petition.

Petitioner also asserts that by satisfying the traditional venue considerations, it will eliminate the possibility of forum shopping.

### III. **VENUE**

Venue is proper in the United States District Court for the District of Massachusetts.

Although § 2241 does not contain venue requirements, the United States Supreme Court has held that the traditional venue considerations apply. Traditional venue considerations include:
(1) where the material events took place;
(2) where records and witnesses pertinent to the claim are likely to be found;
(3) the convenience of the forum for the Respondents and the Petitioner; and
(4) the familiarity of the Court with applicable law.
**Braden, 410 U.S. at 495**; see also **Henderson v. INS, 157 F.3d 128 n.25 (2nd Cir. 1998).**

In the instant case, Petitioner's immigration record indicates that the Notice to Appear was issued in Massachusetts as his deportable offense took place in the State of Massachusetts.

At all times, Petitioner has been residing in the State of Massachusetts with his family who continue to reside in this district, and he intends to return to Massachusetts.

-4-

The Petitioner respectfully suggests that the district of Massachusetts is equally as convenient for the Respondents as the Western District of Louisiana, and there is no indication that Respondents would be prejudiced by a transfer of venue to Massachusetts. In addition, Petitioner is seeking emergency relief from unlawful detention, and the Western District of Louisiana is currently flooded with immigrants habeas petitions delaying his petition by at least four to five months. The Petitioner respectfully submits that considering the sought relief, the venue in Western District of Louisiana would defeat the purpose as the Petitioner has been in post-removal-order detention for six months; the period that was determined as presumptively reasonable to remove the Petitioner from the United States. See **Zadvydas, 121 S. Ct. 2491**.

Accordingly, Petitioner asserts that venue is proper in the District of Massachusetts.

## IV. PARTIES

Petitioner is a native and citizen of Portugal. He has been ordered removed from the United States by an Immigration Judge ("IJ"). Petitioner is currently held at a federal facility by the BICE, formerly known as the INS.

Respondent John Ashcroft is the Attorney General of the United States and is responsible for administration of the BICE and the implementation and enforcement of the INA. As such, he has ultimate custodial authority over the Petitioner.

## V. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a male native and citizen of Portugal. He has been a Lawful Permanent Resident of the United States for the past 00 years.

Petitioner pled guilty in the State of Massachusetts to possession with intent to distribute a controlled substance. Based on Petitioner's criminal conviction, the BICE commenced removal proceedings against the Petitioner by issuing a Notice to Appear ("NTA") for removal proceedings. Petitioner was taken in custody by the BICE and transferred to Federal Detention Center ("FDC") in Oakdale, Louisiana. The BICE filed the NTA in the Immigration Court in Oakdale, Louisiana.

Following preliminary hearings, Petitioner appeared before an IJ for a Master Calendar hearing. The IJ found the Petitioner as removable and ordered him removed from the United States to his naive country of Portugal. Petitioner appealed from the decision of the IJ to the Board of Immigration Appeals ("BIA" or the "Board"). In a written decision dated October 8, 2003, the BIA dismissed the Petitioner's appeal. Therefore, Petitioner's order of removal became administratively final on that day; October 8, 2003.

Petitioner offered his full cooperation to the BICE in its efforts to obtain the necessary travel documents to remove the Petitioner from the United States. Petitioner allowed the BICE to take his pictures and fingerprints and filled out the request for travel documents.

To date, the BICE efforts to obtain travel documents remain unsuccessful because Petitioner left his native country as a child and the Government of Portugal does not recognize his citizenship.

Petitioner's custody status was reviewed under 8 C.F.R. § 241.4, but to date, the BICE has not informed the Petitioner of the decision on Petitioner custody review.

Petitioner remains in custody of the BICE without any opportunity to appeal the BICE decision since no decision has been made.

## VI. DISCUSSION

Petitioner is in custody of the BICE under section 241(a)(6) of the Act, 8 U.S.C. § 1231(a)(6), as his order of removal became final on October 8, 2003.

In **Zadvydas**, the Supreme Court addressed the government's authority under § 1231(a)(6) to detain indefinitely "alien's who were admitted to the United States but subsequently ordered removed." **533 U.S. at 682, 121 S. Ct. at 2491.**

Ordinarily, the Attorney General shall remove the alien from the United States "within ninety days of the date on which the order of removal became final. **8 U.S.C. § 1231(a)(6).** However, when an alien's removal during the 90-day removal period is not possible, § 1231(a)(6) provides for continued detention of that alien.

In the case at hand, Petitioner's 90-day statutory removal period expired on January 8, 2004. As the Petitioner has

-7-

established that his removal from the United States to Portugal or any other country is not possible in the reasonably foreseeable future, his detention is not warranted pursuant to section 241(a)(6) of the Act, 8 U.S.C. § 1231(a)(6). Further, the BICE violates the statue as Petitioner has not been informed of the outcome of his 90-day custody review. See **8 C.F.R. § 241.4(c)(1), (h), (k)(1)(i).**

The **Zadvydas** Court framed the issue presented as "whether this post-removal-period statute authorizes the Attorney General to detain removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." **Zadvydas, 533 U.S. at 682, 121 S. Ct. at 2491.**

The **Zadvydas** Court construed Section 1231 as "limit[ing] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." **Zadvydas, 533 U.S. at 689.** The Court held that the statute does not permit indefinite detention. **Id. at 690.**

Thus, the Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." **Id. at 699.**

In the instant case, Petitioner respectfully contends that his detention is not consistent with the decision in **Zadvydas** and violates his Fifth Amendment right to due process.

The United States Supreme Court determined the presumptively period necessary to effectuate the final order of removal. Nevertheless, Petitioner remains in custody of the BICE with no opportunity to seek release from his unlawful detention.

Petitioner reasons that since his removal is not reasonably foreseeable and the six months presumptively period has expired, he should be released from detention immediately as his Fifth Amendment right to due process is in violation.

The **Zadvydas** Court held that "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." **Zadvydas, 533 U.S. at 701.**

Petitioner respectfully submits that the Government of Portugal is not willing to issue travel documents to Petitioner which constitutes his removal from the United States next to impossible. See **8 U.S.C. § 1231(b)(2)(E)**; see also **Amanullah V. Cobb, 862 F.2d 362, 368 (1st Cir. 1988)** ("agreeing that it is sheer folly to send an alien to another country without any indication that the country will receive the alien").

Petitioner contends that his continued detention is in violation of the decision of the Supreme Court in **Zadvydas**, and violates his right to due process. The Supreme Court instructed the district Courts that once the Court finds an alien's detention unreasonable, the alien such as Petitioner should not be detained any longer under the relevant statute. The Supreme Court determined six months reasonable period for uniformity in district courts.

## VII. PRAYER FOR RELIEF

Petitioner prays this Honorable Court grant the following

-9-

relief:

(1) Assume jurisdiction over this matter;

(2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release the Petitioner from custody;

(3) Grant other and further relief which this Honorable Court deems just and proper.

Dated: April 9, 2004.

                                        Respectfully Submitted,

                                        */s/ Marco Dias*
                                        **Marco A. Dias,**    **PRO SE**
                                        BOP No.: 20293-265
                                        Federal Detention Center
                                        Post Office Box 5010
                                        Oakdale, Louisiana 71463