UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCO A. DIAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 04-10766-RCL |
| | ) |
| JOHN ASHCROFT, et al., | ) |
| | ) |
| Respondents. | ) |

ORDER

On April 15, 2004, petitioner Marco Dias, an immigration detainee at FDC Oakdale, in Oakdale, Louisiana, submitted an "emergency"[1] petition for a writ of habeas corpus under Section 2241. Dias, a native of Portugal, claimed that his detention was unlawful pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001) because he had been in custody following the issuance of a final order of removal for at least six months. On Monday, April 19, 2004, a special assistant United States Attorney for the Department of Homeland Security informed a deputy clerk of this Court that Dias was removed from the United States on April 14, 2004, one day prior to the filing of this petition.

As an initial matter, even if the Court assumes that this petition was filed as of the time Dias mailed the petition, see, e.g., Houston v. Lack, 487 U.S. 266, 271 (1988) (pro se prisoner's notice of appeal deemed filed when submitted to prison authorities for mailing to the district court); Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999) (applying prison mailbox rule in Houston to § 2254 and § 2255 petitions), this Court lacks jurisdiction over the petition because Dias

---

[1] Dias titled this petition as one seeking "emergency" relief; however, he outlined no facts indicating that urgent action was required.

was not in custody in this district when he mailed the petition. Vasquez v. Reno, 233 F.3d 688, 694-696 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 544 U.S. 816 (2001) (immigration detainee's legal custodian was the warden of FDC Oakdale; court lacked personal jurisdiction over warden and jurisdiction over petition ); cf. Miranda v. Reno, 238 F.3d 1156, 1159 (9th Cir. 2001) (alien who had been removed at time of the filing of the petition was not "in custody" for purposes of habeas jurisdiction). Because Dias has been removed, this action will be dismissed rather than transferred to the Western District of Louisiana. Vasquez, 233 F.3d at 696. (court may dismiss petition or transfer it to proper district); cf. Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003) (where removal is imminent, due process is not implicated and an alien also has failed to state a Zadvydas claim for relief).

## CONCLUSION

Based upon the foregoing, this action is dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this 21st day of April, 2004.

                s/ Reginald C. Lindsay
                REGINALD C. LINDSAY
                UNITED STATES DISTRICT JUDGE